IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TFHSP, LLC SERIES 10147, | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| V. | § | |
| | § | |
| U.S. BANK NATIONAL ASSOCIATION, | § | |
| as Trustee for the Certificate Holders of | § | |
| Bear Stearns Asset Backed Securities I | § | |
| LLC, Asset Backed Certificates, Series | § | |
| 2004-HE4, | § | |
| | § | No. 3:14-cv-2589-M-BN |
| Defendant/Counter-Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| KATHERINE SCROGGINS and | § | |
| ROBERT SCROGGINS, | § | |
| | § | |
| Counter-Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant/Counter-Plaintiff U.S. Bank National Association as Trustee for the

Certificate Holders of Bear Stearns Asset Backed Securities I LLC, Asset Backed

Certificates, Series 2004-HE4 ("U.S. Bank") has filed a Motion for Summary Judgment

(the "Motion"). Dkt. No. 33. This case has been referred to the undersigned United

States magistrate judge for pretrial management pursuant to a standing order of

reference from United States District Judge Barbara M.G. Lynn.

The undersigned now issues the following findings of fact, conclusions of law,

and recommends that U.S. Bank's Motion should be granted.

## Procedural Background

Plaintiff TFHSP LLC Series 10417 ("TFHSP") filed this quiet title action against U.S. Bank, as successor to Bank of America, National Association ("BANA") and LaSalle Bank National Association ("LaSalle"). *See* Dkt. No. 1-5 at 2. TFHSP contends that U.S. Bank cannot foreclose on property located in Rowlett, Texas (the "Property") due to the statute of limitations and lack of ownership of a note and deed of trust. *See id.* at 3-5.

TFHSP originally sued in Texas state court. *See id.* U.S. Bank removed this case to this Court, *see* Dkt. No. 1, and later moved for summary judgment on the grounds that TFHSP's quiet title claim fails because its allegations about statute of limitations and ownership of the note and deed of trust fail, *see* Dkt. No. 34. U.S. Bank asserts that "TFHSP cannot set forth any evidence creating a fact question with respect to its quiet title claim" and that, "[i]n fact, the evidence conclusively establishes that: (1) [U.S. Bank] is the owner of the Note and Deed of Trust, and is therefore authorized to proceed with foreclosure; and (2) the applicable statute of limitations does not bar the foreclosure sale." *Id.* at 6.

TFHSP filed its response, which abandons its allegation that the statute of limitations bars U.S. Bank from foreclosing but reiterates that U.S. Bank does not hold the note or deed of trust. *See* Dkt. No. 38 at 5. U.S. Bank filed a reply. *See* Dkt. No. 39.

**Objections to Summary Judgment Evidence**

TFHSP objects to various portions of the Declaration of Melissa Smith [Dkt. Nos. 35 & 36] that U.S. Bank filed in support of its Motion. *See* Dkt. No. 38 at 6-7. As a matter of efficiency, the undersigned will only take up the objections to evidence on which the undersigned relies on in making the recommendation on the Motion. At the time that the undersigned relies on evidence to which TFHSP objects, the objections will be addressed. If evidence is relied on and the objection was not discussed, the undersigned considered both the evidence proffered and TFHSP's objections, and, to the extent the undersigned regarded portions of the evidence as relevant, admissible, and necessary to the resolution of particular summary judgment issues, overruled those objections. To the extent that the undersigned did not rely on other evidence about which TFHSP complains, the objections are denied as moot.

**Factual Background**

On February 12, 2004, Katherine and Robert Scroggins (collectively, "Scroggins") executed a Fixed Note (the "Note") in the amount of $258,134.00 to purchase the Property. *See* Dkt. No. 35-1 at App. 5-7. The Note was originated by People's Choice Home Loan, Inc. ("PCHL") and secured by a deed of trust (the "Deed of Trust"). *See id.* at App. 5-28. The Note and Deed of Trust are collectively referred to as the "Loan." The Deed of Trust created a lien on the Property. *See id.* at 12.

On or around May 1, 2004, EMC Mortgage Corporation ("EMC") acquired the Loan through a Pooling and Servicing Agreement. *See* Dkt. No. 36-3 at 121-197. The Pooling and Serving Agreement is discussed in a Rule 424(b)(5) Prospectus. *See* Dkt.

No. 36-6 at App. 378, 396, 399-402. The Pooling and Servicing Agreement and Rule 424(b)(5) Prospectus are collectively referred to as the "PSA." The Court can and should take judicial notice of the PSA under Federal Rule of Evidence 201, as U.S. Bank requests. *See* Dkt. No. 34 at 3 n.2; Dkt. No. 39 at 3 n.1; *Colton v. U.S. Nat'l Bank Ass'n*, No. 3:12-cv-3584-D, 2013 WL 1934560, at *2 (N.D. Tex. May 10, 2013).

EMC then sold, transferred, assigned, and otherwise conveyed the Loan to Bear Stearns Asset Backed Securities I, LLC, which sold, transferred, assigned, and otherwise conveyed the Loan to LaSalle. *See* Dkt. No. 36-3 at App. 175. LaSalle was later succeeded by BANA and then U.S. Bank. *See* Dkt. No. 35-1 at App. 2 ¶ 6.

EMC continued to service the Loan. *See* Dkt. No. 35-1 at App. 29-30. On June 1, 2010, EMC sent Scroggins an acceleration warning because they defaulted on the Loan. *See id.* at App. 31-36. The default was not cured, so EMC sent a notice of acceleration on January 10, 2011. *See id.* at App. 37-78; *see also* Dkt. No. 36-2 at App. 118-121. Scroggins received this notice of acceleration, which explained that EMC would foreclose on the Property unless the entire balance of the Loan, amounting to at least $337,649.01, was paid. *See* Dkt. No. 35-1 at App. 37-78; *see also* Dkt. No. 36-2 at App. 118-121 (Loan payoff amount totaled $478,757.71 on October 19, 2015).

EMC continued to act as mortgage servicer until JPMorgan Chase Bank, N.A. ("Chase") assumed servicing rights. *See* Dkt. No. 35-1 at App. 2 ¶ 7, App. 3 ¶ 11. After Chase assumed servicing rights, it executed an Affidavit of Missing or Incomplete Assignment because the Loan's previous assignments were not recorded. *See* Dkt. No.

36-1 at App. 81-83. Chase also executed a Corporate Assignment of Deed of Trust, which conveyed the Deed of Trust to U.S. Bank. *See id.* at App. 84.

The Loan's servicing was subsequently transferred to Select Portfolio Servicing, Inc. ("SPS"). *See* Dkt. No. 35-1 at App. 85-88. On January 1, 2014, SPS sent Scroggins a demand letter for $91,305.24 to cure the Loan's default. *See* Dkt. No. 36-1 at App. 89-100.

Scroggins' home owners' association ("HOA") obligations to the Waterview Community Association ("Waterview") were also secured by the Property. Scroggins defaulted on their HOA obligations, and Waterview foreclosed. *See* Dkt. No. 35-1 at App. 31-65; Dkt. No. 1-5 at ¶¶ 4, 7. Waterview conveyed its interest in the Property to TFHSP on May 15, 2014. *See* Dkt. No. 38 at 18-19.

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of

a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Id.*; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

The Court is required to view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if both parties have introduced evidence showing that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075. Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). If, "after the nonmovant has been given an opportunity to raise a genuine factual issue," "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *DIRECTV, Inc. v. Minor*,

420 F.3d 546, 549 (5th Cir. 2005); *Steadman v. Texas Rangers*, 179 F.3d 360, 366 (5th Cir. 1999).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indent. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

While the Local Rules in this district do not require the parties to submit statements or counter-statements of undisputed facts, where the Defendant cites a fact that Plaintiffs do not controvert with evidence, the Court may accept it as true. *See Eversley v. MBank of Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *Bradley v. Chevron U.S.A., Inc.*, No. 2:04-cv-92-J, 2004 WL 2847463, at *1 n. 2 (N.D. Tex. Dec. 10, 2004).

## Analysis

TFHSP's allegations in support of its quiet title claim against U.S. Bank are conclusively refuted by the summary judgment evidence. U.S. Bank should be granted

summary judgment in its favor on TFHSP's quiet title claim, which should be dismissed with prejudice.

<u>Statute of Limitations</u>

The statute of limitations does not bar U.S. Bank's ability to foreclose on the Property.

Under Texas law, foreclosure of a real property lien must be made within four years from the day the cause of action accrues. *See* TEX. CIV. PRAC. & REM. CODE §§ 16.035(a), (d). A foreclosure "cause of action accrues only when the holder actually exercises its option to accelerate ... [by sending a] notice of intent to accelerate, and notice of acceleration." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001); *see also Boren v. U.S. Nat'l Bank Ass'n*, ___ F.3d ___, 2015 WL 6445721, at *2-*3 (5th Cir. Oct. 26, 2015). If the holder abandons acceleration, it no longer must foreclose within four years from the date of acceleration. *Cline v. Deutsche Bank Nat'l Trust Co.*, 3:14-cv-1565-D, 2015 WL 4041791 at *5 (N.D. Tex. July 2, 2015); *accord Boren*, 2015 WL 6445721, at *3. A holder can abandon acceleration by "seeking less than the full accelerated amount." *Cline*, 2015 WL 4041791 at *5; *accord Boren*, 2015 WL 6445721, at *3-*5.

Although the summary judgment evidence shows that EMC initiated foreclosure in 2011, *see* Dkt. No. 35-1 at App. 31-78, it also shows that SPS abandoned acceleration in 2014 when it only sought $91,305.24, which was less than the full accelerated amount of the Loan, *see* Dkt. No. 36-1 at App. 37-78, 91-92. Therefore, the evidence

conclusively shows that U.S. Bank is not barred from foreclosing by limitations, and TFHSP concedes as much. *See* Dkt. No. 38 at 5, n. 10.

Ownership of the Loan

The summary judgment evidence conclusively shows that U.S. Bank owns the Loan. TFHSP asserts various issues with Chase's Corporate Assignment of Deed of Trust in order to challenge U.S. Bank's ownership of the Loan. *See* Dkt. 38 at 6, 9, 13-14. But the evidence shows that U.S. Bank owns the Loan as LaSalle's successor and does not derive ownership from Chase's assignment. *See, e.g.*, Dkt. No. 36-3 at App. 175. The PSA explains that EMC purchased the Loan, which was then transferred to LaSalle. *See id.*; Dkt. No. 36-6 at App. 396, 402.

TFHSP responds that it "has [] gleaned no morsel within the [PSA] to indicate that the [Loan] was ever securitized or made part of the Trust." Dkt. No. 38 at 7. But, in fact, U.S. Bank did point to particular sections of the PSA that explain these facts, *see* Dkt. Nos. 34 & 39, and the Declaration of Melissa Smith, made under penalty of perjury, in combination with the PSA is competent and uncontroverted evidence that the Loan was transferred to EMC and eventually to U.S. Bank as successor to LaSalle. *See* Dkt. No. 35-1 at App. 2 ¶¶ 4-6.

Declarations made under penalty of perjury have the same effect as an affidavit. *See* 28 U.S.C. § 1746. Further, "[a]n affidavit can adequately support a motion for summary judgment when the affiant's personal knowledge is based on a review of her employer's business records and the affiant's position with the employer renders her

competent to testify on the particular issue which the affidavit concerns." *Kittler v. GMAC Mortg., LLC*, No. H-12-0902, 2013 WL 3294036, at *4 (S.D. Tex. June 28, 2013); *accord Thomas v. Deutsche Bank Nat. Trust Co.*, No. 3:12-cv-5014-—BF, 2014 WL 2980363, at *3 (N.D. Tex. July 2, 2014).

Smith is a Document Control Officer for SPS. *See* Dkt. No. 35-1 at App. 1 ¶ 2. She personally reviewed SPS' records pertaining to the Loan, which SPS serviced, and the Loan's transfer through the PSA. *See id.* at App. 2 ¶¶ 4-5, App. 3 ¶ 13. These facts establish that Smith has the requisite personal knowledge to provide competent summary judgment evidence on the Loan's transfer. *See Thomas*, 2014 WL 2980363, at *3; *Kittler*, 2013 WL 3294036, at *4.

Therefore, TFHSP's objections to Smith's declaration are overruled, and the summary judgment evidence conclusively refutes TFHSP's allegations that U.S. Bank does not hold the Note or Deed of Trust, on which TFHSP's quiet title claims relies. *See* Dkt. No. 1-5 at 4-5.

## Recommendation

The Court should grant Defendant/Counter-Plaintiff U.S. Bank National Association as Trustee for the Certificate Holders of Bear Stearns Asset Backed Securities I LLC, Asset Backed Certificates, Series 2004-HE4's Motion for Summary Judgment [Dkt. No. 33] and dismiss Plaintiff TFHSP LLC Series 10417's claims against U.S. Bank with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 4, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE