IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TFHSP, LLC SERIES 10147, § <br> § <br> Plaintiff/Counter-Defendant, § <br> § <br> V. § <br> § <br> U.S. BANK NATIONAL ASSOCIATION, § <br> as Trustee for the Certificate Holders of § <br> Bear Stearns Asset Backed Securities I § <br> LLC, Asset Backed Certificates, Series § <br> 2004-HE4, § <br> § <br> Defendants/Counter-Plaintiff, § <br> § <br> V. § <br> § <br> KATHERINE SCROGGINS and § <br> ROBERT SCROGGINS, § <br> § <br> Counter-Defendants § | No. 3:14-cv-2589-M-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Counter-Plaintiff U.S. Bank National Association as Trustee for the Certificate Holders of Bear Stearns Asset Backed Securities I LLC, Asset Backed Certificates, Series 2004-HE4 ("U.S. Bank") filed a Motion for Default Judgment against Counter-Defendants Katherine and Robert Scroggins (collectively, "the Scroggins"). *See* Dkt. No. 52. U.S. Bank has also filed a Motion for Award of Attorneys' Fees and Costs against the Scroggins. *See* Dkt. No. 55.

United States District Judge Barbara M. G. Lynn referred this case to the undersigned United States magistrate judge for pretrial management.

For the reasons explained below, the undersigned recommends that U.S. Bank's Motion for Default Judgment and Motion for Award of Attorneys' Fees and Costs should be granted.

## Background

According to the facts set forth in U.S. Bank's Original Counterclaims, Ms. Scroggins executed a Fixed Note (the "Note") in the amount of $258,134.00. *See* Dkt. No. 7 at ¶ 7. Under the Note, the Scroggins are required to make monthly payments of $1,787.27. *See id.* The Note is subject to a yearly interest rate of 7.4%. *See id.* The Note also gives the mortgagee of record "the right to be paid back by [the Scroggins] for all of its costs and expenses in enforcing this Note ... [including] reasonable attorneys' fees." Dkt. No. 7-1 at ¶ 6(E).

The Scroggins also executed a Deed of Trust, which secured the payments owed under the Note with real property located in Rowlett, Dallas County, Texas (the "Property"). *See* Dkt. No. 7 at 3-4. The Deed of Trust allows the mortgagee of record to accelerate the Note and foreclose on the Property in the event of the Scroggins' default. *See* Dkt. No. 7-2 at ¶ 22. The Deed of Trust also allows the mortgagee of record to recover whatever reasonable and appropriate payments it expended, including attorneys' fees, to protect its interest in the Property. *See id.* at ¶ 9.

The Scroggins defaulted on the Note by failing to pay the required monthly installments, and the Note remains due and owing. *See* Dkt. No. 7 at ¶ 10. As a result, U.S. Bank's predecessor-in-interest notified the Scroggins that it had elected to accelerate the maturity of the Note. *See id.*; Dkt. No. 40 at 4-5.

U.S. Bank is the current mortgagee of record. *See* Dkt. No. 7 at ¶ 9. TFHSP LLC, Series 10417 ("TFHSP") sought to quiet U.S. Bank's title to the Property. *See* Dkt. No. 1-5. U.S. Bank filed counterclaims for breach of contract and judicial foreclosure against TFHSP and the Scroggins. *See* Dkt. No. 7.

The Court has dismissed TFHSP's suit to quiet title with prejudice. *See* Dkt. No. 48. U.S. Bank subsequently dismissed its counterclaims against TFHSP without prejudice. *See* Dkt. No. 51.

Only U.S. Bank's counterclaims against the Scroggins remain. U.S. Bank served its counterclaims on the Scroggins, *see* Dkt. Nos. 11 & 12, but the Scroggins neither appeared nor otherwise responded to the counterclaims, and the deadline to do so has expired, *see* Dkt. No. 52 at 3-4; FED. R. CIV. P. 12(a)(1)(B). The Clerk of the Court has accordingly entered defaults against the Scroggins. *See* Dkt. No. 53.

U.S. Bank now moves for a default judgment on its counterclaims against the Scroggins and for an award of its reasonable and necessary attorneys' fees and costs incurred in this matter, payable by the Scroggins, totaling $67,617.00 in fees and $1,417.55 in expenses and costs, for a total of $69,034.55. *See* Dkt. No. 7 at 5-6; Dkt. No. 52; Dkt. No. 55. The Scroggins have still not appeared or responded to the Motion for Default Judgment or the Motion for Award of Attorneys' Fees and Costs, and their time do so under the Court's local rules has passed.

**Legal Standards**

In order to obtain a default judgment, the movant must show that

(1) [the counter-defendants have] been served with the summons and complaint and default was entered for [their] failure to appear; (2)

> [counter-defendants are] neither [ ] minor[s] nor [ ] incompetent person[s]; (3) [counter-defendants are] not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) if [counter-defendants have] appeared in the action, that [counter-defendants were] provided with notice of the application for default judgment at least three days prior to the hearing.

*Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-cv-2092-M, 2013 WL 145502, at *2-*3 (N.D. Tex. Jan. 14, 2013) (citing 50 U.S.C. § 3931; FED. R. CIV. P. 55; *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006)). U.S. Bank also must make a prima facie showing of jurisdiction. *See Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 325 (5th Cir. 2001). Entry of a default judgment is within the Court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

"'A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true.'" *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975)). "Put another way, '[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" *Id.* (quoting *Nishimatsu Constr.*, 515 F.2d at 1206). There must be a sufficient basis in the pleadings for the judgment requested. *See id.* at 496-98.

Federal Rule of Civil Procedure 8(a)(2) "requires a pleading to contain a short and plain statement of the claim showing that the pleader is entitled to relief. The purpose of this requirement is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id.* at 498 (internal quotation marks omitted). "The factual allegations in the complaint need only be enough to raise a right to relief above

the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal quotation marks omitted). "[D]etailed factual allegations are not required, but the pleading must present more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted).

"A default judgment does not establish the amount of damages." *Crawford v. Lee*, No. 3:10-cv-1499-L, 2011 WL 2115824, at *4 (N.D. Tex. May 24, 2011). Generally, in the context of a default judgment, an evidentiary hearing is required to determine the amount of unliquidated damages. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). And a plaintiff bears the burden to bring forth competent evidence in support of the damages that they seek. *See Halff Assocs., Inc. v. Warner Pac. Props. L.L.C.*, No. No. 3-08-cv-574-B, 2008 WL 3874673, at *2 (N.D. Tex. Aug. 13, 2008). But an evidentiary hearing is unnecessary when the damages claimed are liquidated, ascertainable from the counterclaim, motion, or the evidence attached thereto, or otherwise capable of mathematical calculation. *See James*, 6 F.3d at 310; *Crawford v. Lee*, 3:10-cv-1499-L, 2011 WL 2115824, at *4 (N.D. Tex. May 24, 2011).

**Analysis**

U.S. Bank has satisfied the prerequisites for a default judgment in its favor on its counterclaims against the Scroggins. It served its counterclaims on the Scroggins, and they failed to respond or appear in this matter. *See* Dkt. Nos. 11, 12, & 52-1. The Scroggins are not minors, incompetent people, or members of the military. *See* Dkt. No. 52 at ¶ 15; Dkt. No. 52-3. The Clerk of the Court has entered default against the

Scroggins. *See* Dkt. No. 53.

Further, U.S. Bank has made a prima facie showing of jurisdiction. U.S. Bank is an Ohio citizen, the Scroggins are Texas citizens, and the amount in controversy exceeds $75,000. *See* Dkt. No. 7 at 2, 3, 4, 6. Therefore, the Court has diversity jurisdiction over this matter.

Breach of Contract

The Court should grant default judgment on U.S. Bank's counterclaim for breach of contract against the Scroggins. *See* Dkt. No. 52 at 9.

Under Texas law, the elements of a breach of contract claim are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009)

U.S. Bank has shown that a valid Note and Deed of Trust exists. *See* Dkt. No. 7-1 & 7-2. U.S. Bank also alleged that it "complied with its obligations under the" Note and Deed of Trust and that the Scroggins defaulted on their obligation to make monthly payments. Dkt. No. 7 at ¶ 16. Finally, U.S. Bank asserts that the Scroggins' breach caused it damage "in the amount of the entire outstanding balance of the [Note], plus any and all other lawful charges." *Id.* at ¶ 18. More specifically, U.S. Bank established that is has suffered damages in the amount of $478,757.71, which is a sum that is certain or can be made certain through simple arithmetic and therefore does not require an evidentiary hearing. *See, e.g., James*, 6 F.3d at 310.

U.S. Bank has sufficiently pleaded its breach of contract counterclaim against

the Scroggins and should be granted default judgment on this claim.

Judicial Foreclosure

To recover its damages, U.S. Bank asserted a counterclaim for judicial foreclosure against the Scroggins. *See* Dkt. No. 7 at 6; *see also* Dkt. No. 52 at ¶ 27.

To obtain a judicial foreclosure, U.S. Bank must show (1) the existence of a note secured by real property; (2) that some part of the note is due and unpaid; and (3) that the real property subject to the lien is the same property that it seeks to foreclose. *See Ocwen Loan Servicing LLP v. Smalley*, 3:14-cv-3039-N-BK, 2015 WL 9873741, at *3 (N.D. Tex. Nov. 6, 2015), *report & rec. accepted*, 2016 WL 236005 (N.D. Tex. Jan. 20, 2016); *Thomas v. Ocwen Loan Servicing, LLC*, No. 3:12-cv-447-L, 2013 WL 30653, at *5 (N.D. Tex. Jan. 3, 2013); *Rinard v. Bank of Am.*, 349 S.W.3d 148, 152 (Tex. App. – El Paso 2011, no pet.).

U.S. Bank has sufficiently pleaded that the Note was secured by the Property, that the Note is due and owing, and that U.S. Bank seeks to foreclose on the Property under the Deed of Trust. *See* Dkt. No. 7 at ¶¶ 7, 8, 10. Further, U.S. Bank alleges that it has satisfied the necessary requirements of Texas Property Code § 51.002, which govern a foreclosure sale of real property under a deed of trust. *See id.* at 5.

The undersigned therefore recommends that the Court grant U.S. Bank's Motion for Default Judgment and order the foreclosure sale of the Property.

Motion for Attorneys' Fees and Costs

U.S. Bank also moves to recover its attorneys' fees and costs under the Note, Deed of Trust, and Federal Rule of Civil Procedure 54(d). *See* Dkt. No. 55.

Texas law is applicable to the award of attorneys' fees in diversity cases like this one. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Under Texas law, attorneys' fees may be recovered pursuant to mortgage contracts. *See Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1040 (5th Cir. 2014) (analyzing Texas law, court determined that motions for attorneys' fees provided by mortgage contracts are permissible under Rule 54(d)(2)); *see also Payne v. Wells Fargo Bank, N.A.*, 3:12-CV-5219-M-BF, 2015 WL 1402321, at *6 (N.D. Tex. Mar. 26, 2015), *aff'd sub nom. Payne v. Wells Fargo Bank Nat. Ass'n,* 15-10366, 2016 WL 556363 (5th Cir. Feb. 11, 2016) (citing *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex. 1992)) (awarded attorneys' fees pursuant to deed of trust).

The Note and Deed of Trust allow U.S. Bank to recover its reasonable attorneys' fees associated with enforcing the Note and protecting its interest in the Property. *See* Dkt. Nos. 7-1 at ¶ 6(E); 55. U.S. Bank's counterclaims and Motion for Default Judgment sought to enforce the Note. *See* Dkt. No. 7 at ¶¶ 7, 19; Dkt. No. 52 at ¶¶ 24, 26, 27. U.S. Bank also moved for summary judgment against TFHSP's quiet title action to protect its interest in the Property. *See* Dkt. No. 34. Consequently, U.S. Bank moves to recover the reasonable fees that it incurred throughout this entire litigation, which spans from June 11, 2014 through the present. *See* Dkt. No. 55 at 8.

The undersigned concludes that U.S. Bank is entitled to its reasonable attorney's fees under the Note and Deed of Trust.

"This Court uses the 'lodestar' method to calculate attorney's fees." *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999); *see also Simicek v. Wells Fargo*

*Bank, N.A.*, Civ. A. No. H:12-1545, 2013 WL 5425126, at *5 (S.D. Tex. Sept. 26, 2013) (court applied lodestar method to calculate reasonable attorneys' fees under a mortgage contract). The lodestar is calculated by multiplying the number of hours that an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). The parties seeking reimbursement of attorneys' fees bear the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See id.* The hours remaining are those reasonably expended. There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010). Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins*, 7 F.3d at 457.

U.S. Bank is represented by Locke Lord LLP ("Locke Lord") in this matter. *See* Dkt. No. 55 at 8. The undersigned considered the declaration of Arthur E. Anthony, a Locke Lord partner, who declares, under penalty of perjury, that he has been licensed to practice in the State of Texas and has practiced in general commercial litigation with a heavy banking and financial services component. *See* Dkt. No. 55-1 at ¶¶ 2-3. Anthony also declares that Locke Lord partner Thomas G. Yoxall and associates Eric Hansen, Kurt M. Wolber, and Matthew B. Buongiorno, as well as Margot Parker, a Locke Lord paralegal, regularly assisted him in this matter. *See id.* at ¶ 5. Anthony's

hourly billing rate is $390.00, Yoxall's $450.00, Hansen and Wolber's rates are $300.00 each, Buongiorno's rate is $220.00, and Parker's is $180.00. *See id.* Anthony declares that these hourly rates are reasonable and consistent with rates charged by comparable firms in Texas and by Locke Lord in similar matters for U.S. Bank. *See id.*

U.S. Bank also submitted Locke Lord's billing invoices to establish the number of hours that Locke Lord expended in this matter. *See id.* at ¶ 8. The invoices show that Locke Lord performed legal work to advance U.S. Bank's counterclaims, enforce the Note, and protect U.S. Bank's interest in the Property. *See id.* at 6-90. Locke Lord charged U.S. Bank for the following hours expended by the aforementioned attorneys and paralegal: Anthony-26.9 hours; Yoxall-12.9 hours; Wolber-33.6 hours; Hansen-110.3 hours; Buongiorno-3.5 hours; and Parker-22 hours. *See id.*

The invoices also include billing records from other individuals whose rates Anthony did not declare were reasonable. Consequently, the undersigned's recommendation does not include these individuals' fees.

Nevertheless, the undersigned finds that the rates charged by Locke Lord for Anthony, Yoxall, Hansen, Wolber, Buongiorno, and Parker's efforts in this matter are consistent with the prevailing rates in Dallas County. The undersigned concludes that the requested hourly rates enumerated in Anthony's declaration are reasonable and within the market rate for attorneys handling this type of litigation in the Dallas area. *See generally Vanliner Ins. Co. v. DerMargosian*, No. 3:12-cv-5074-D, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (noting that the Court is an expert on the reasonableness of attorneys' fees).

The undersigned concludes that the appropriate lodestar here to be calculated as 26.9 hours for Anthony at $390.00 an hour ($10,491.00), 12.9 hours for Yoxall at $450.00 an hour ($5,805.00), 33.6 hours for Wolber at $300.00 an hour ($10,080.00), 110.3 hours for Hansen at $300.00 an hour ($33,090.00), 3.5 hours for Buongiorno at $220.00 an hour ($770.00), and 22 hours for Parker at $180.00 an hour ($3,960.00), for a total of $64,196.00. The undersigned notes that the lodestar is presumed to be reasonable and should only be modified in exceptional cases. Here, there are no exceptional circumstances.

Further, alternatively considering the factors set forth in *Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812, 818 (Tex. 1997), for determining whether the requested attorneys' fees are reasonable, the undersigned considered the detailed billing records setting forth the nature of the work performed, the hourly rates charged, and the time spent by the attorneys and paralegals involved as well as the time spent on the various tasks in this matter, the experience of counsel, the reasonableness of the hourly rates broken down between the senior attorney of record, associates, and paralegals, and the numbers of hours or fraction thereof expended by each. Based on all of those considerations, the undersigned finds that the attorneys' fee award request in the amount of $64,196.00 is reasonable.

U.S. Bank also seeks $1,417.55 in costs. *See* Dkt. No. 55-1 at ¶ 7. Federal Rule of Civil Procedure 54(d)(1) allows the Court to award costs to the prevailing party in an action. Taxable court costs include: (1) fees paid to the clerk and marshal; (2) court reporter fees for all or part of the deposition transcript; (3) printing costs and witness

fees; (4) fees for copies of papers necessarily obtained for use in the case; (5) certain docket fees; and (6) compensation of court appointed experts and interpreters. *See* 28 U.S.C. § 1920. Locke Lord's billing invoices show that U.S. Bank's costs consists of filing fees; copying charges; $14.03 in telephone charges; a $525.00 mediation fee; and $5.00 for Secretary of State inquiries (research). *See id.* at 9, 13, 16, 29, 33, 38, 46, 49, 57, 65, 70, 76, 85, 88.

U.S. Bank is limited to the categories of costs recoverable under 28 U.S.C. § 1920. *See Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010). Section 1920 does not permit recovery of teleconference costs, mediation fees, or research costs. *See Gomez v. Managing Innovation & Tech., Inc.*, 3:14-CV-0936-M, 2015 WL 6150905, at *2 (N.D. Tex. Oct. 15, 2015) (court declined to award costs for research and teleconferencing); *see also Hernandez v. Aleman Const., Inc.*, 3:10-CV-2229-BN, 2013 WL 5873289, at *6 (N.D. Tex. Nov. 1, 2013) (court did not award costs for mediation fees and teleconference costs).

Accordingly, the Court should award U.S. Bank $873.52 for its filing fees and copying costs.

By its Motion for Award of Attorneys' Fees and Costs, U.S. Bank seeks an award for its reasonable and necessary attorneys' fees and costs incurred in this matter, to be paid by the Scroggins to U.S. Bank. *See* Dkt. Nos. 55 & 55-2. The Court should award $65,069.52 for fees and costs allowed under the Deed of Trust, the Note, and 28 U.S.C. § 1920.

**Recommendation**

The Court should grant Counter-Plaintiff U.S. Bank's Motion for Default Judgment [Dkt. No. 52], enter on order permitting U.S. Bank to foreclose on the Property located at 10417 Broadmoor Lane, Rowlett, Dallas County, Texas 75089, issue the order of foreclosure sale to any sheriff or constable, within the State of Texas, directing them to seize and sell the Property in satisfaction of the judgment, under Texas Rule of Civil Procedure 309, and grant U.S. Bank's Motion for Award of Attorneys' Fees and Costs [Dkt. No. 55] to the extent that U.S. Bank is awarded $64,196.00 in fees and $873.52 in costs.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 18, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE